**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LARRY BRIAN PORTEOUS,

Plaintiff,

v.

R. AVILA, et al.,

Defendants.

Case No.: 1:21-cv-00529-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

(ECF No. 17)

Plaintiff Larry Brian Porteous is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed April 15, 2022.

**I.**

**RELEVANT BACKGROUND**

Defendant R. Avila for retaliation and against Defendants R. Avila and K. Welch for a due process violation.

Defendants filed an answer to the complaint on September 20, 2021.

On October 22, 2021, the Court issued the discovery and scheduling order.

As previously stated, on April 15, 2022, Plaintiff filed the instant motion to compel. Defendants filed an opposition on May 4, 2022, and Plaintiff did not file a reply. Local Rule 230(l).

## II.

## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 16. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.

## DISCUSSION

Plaintiff seeks to compel further responses to his first set of requests for production of documents numbers 3 and 4, which were served on Defendants in November 2021.

Defendants oppose Plaintiff's motion and argue Plaintiff failed to attach the relevant responses and objections and failed to identify why the responses are deficient or objections not justified.

Defendants submit that on November 23, 2021, the parties telephonically met and conferenced about Plaintiff's requests for production of documents and Defendants confirmed the details of the meeting in a letter dated December 3, 2021. (Declaration of Lilit Arabyan ("Arabyan Decl.") Ex. B.)

The parties specifically agreed to some clarifications and narrowing of the original requests and extended the time for Defendants to respond to January 31, 2022. (Id.)

On December 24, 2021, the parties telephonically met and conferred again and Plaintiff agreed to extend Defendants' response deadline to February 14, 2022. (Id.)

On January 27, 2022, the parties met and conferred for a third time and Plaintiff agreed to further extend the discovery response deadline to February 28, 2022. (Id.)

On February 28, 2022, Defendants timely served responses and objections to Plaintiff's requests for production of documents. (Arabyan Decl. Ex. C.) Defendants also served Plaintiff with a privilege log and supporting declaration of H. Castro. (Arabyan Decl. Exs. D & E.)

Plaintiff's discovery requests numbers 3 and 4, as revised by the parties, and Defendants responses and objections, is as follows:

Request for Production No. 3: All documents, electronically stored data, taped interviews, video recordings, written reports, and investigations concerning [Inmate Porteous], which was referred to the Internal Affairs Department of CDCR, from June 1, 2020 to present. (Arabyan Decl. Ex. B.)

Response to Request for Production No. 3: Objection. Defendants object to this request on the basis that it is too vague and overbroad as to the terms "taped interview, written reports, and investigations," "concerning Inmate Porteous," and "were referred to the Internal Affairs Department" to form a response. Fed. R. Civ. P. 26(b)(1). Specifically, it is not clear what Porteous means by the grievance being referred to the Internal Affairs. Due to the vagueness of the request, it is difficult to discern the documents that Porteous is seeking, and the request potentially seeks documents that are protected by the Official-Information Privilege. California Code of Regulations, Title 15, sections 3321 and 3370. To the extent that the request is seeking documents that are confidential, Defendants object to the request as seeking documents protected from disclosure under the Official-Information Privilege. In addition, this request seeks documents irrelevant to Porteous's claims of retaliation and denial of due process rights, as it seeks investigations concerning Porteous that are not specified as being related to Defendants Avila and Welch. In this case, Porteous alleges that in July 2020, Defendant Avila retaliated against him in connection with a CDCR Form 602 inmate grievance that Porteous submitted after a Rules Violation Report Log

No. 7018370 was issued by Defendant Avila. Porteous further alleges that Defendants Avila and Welch violated his due process rights in connection with this RVR and its associated hearing. Further, despite the narrow scope of the claims in this case, Porteous seeks an overbroad type and number of documents. Such omnibus requests are improper under Rule 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 261 (E.D. Wis. 2013). The facial overbreadth of Porteous's request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.

(Arabyan Decl. Ex. C at 3-4.)

**Ruling:** Plaintiff's motion to compel shall be denied. Plaintiff did not attach or address Defendants' responses and objections, and Plaintiff's motion to compel provides no clarification to his request or explanation why Defendants' response is improper or insufficient. Indeed, Defendants objections have merit. Plaintiff's request is vague and overbroad as to the terms "taped interview, written reports, and investigations," "concerning Inmate Porteous," and "were referred to the Internal Affairs Department" to enable Defendants to form a response. It is unclear as to what Plaintiff references by the grievance being referred to the Internal Affairs. In addition, this request is not connected to Plaintiff's retaliation and due process claims at issue in this action as Plaintiff seeks an overbroad amount of documents which would not be relevant to this case. Accordingly, Plaintiff's motion to compel is denied.

Request for Production No. 4: Any and all CDCR Form 602 grievances and lawsuits against Defendants Avila and Welch from 2012 to present. (Arabyan Decl. Ex. B.)

Response to Request for Production No. 4: Defendants object to this request on the grounds that it seeks irrelevant documents and is not proportional to the needs of this case. In this case, Porteous alleges that in July 2020, Defendant Avila retaliated against him in connection with a CDCR Form 602 inmate grievance that Porteous submitted after a Rules Violation Report Log No. 7018370 was issued by Defendant Avila. Porteous further alleges that Defendants Avila and Welch violated his due process rights in connection with this RVR and its associated hearing. But this request seeks

documents irrelevant to Porteous's claims of retaliation and denial of due process rights, as it seeks lawsuits and grievances submitted by other inmates without regard to subject matter and for a twenty-year time period. Despite the narrow scope of the claims in this case, Porteous seeks an overbroad type and number of documents: "[a]ny and all CDCR Form 602 grievances and lawsuits against Defendants Avila and Welch from 2012 to present." Such omnibus requests are improper under Rule 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 261 (E.D. Wis. 2013). The facial overbreadth of Porteous's request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.

Defendants also object to the request as seeking documents protected from disclosure under the Official-Information Privilege. (*See* Castro Decl.) Specifically, this request seeks information of other inmates and their prison records, which is confidential and cannot be disclosed to Porteous under the California Code of Regulations, Title 15, sections 3321 and 3370. Defendants will provide a privilege log with this response that identifies the documents being withheld. Without waiving the foregoing objections, Defendants produce the following documents:

Non-confidential section of the CDCR Form 602 appeal submitted by Porteous on August 4, 2020 and institutional response, Bates Nos. AGO_0279 - AGO_0288; non-confidential section of CDCR Form 602 appeal submitted by Porteous on August 11, 2020 and institutional response, Bates Nos. AGO_0289 - AGO_0298; non-confidential section of CDCR Form 602 appeal submitted by Porteous on September 2, 2020 and institutional response, Bates Nos. AGO_0299 - AGO_0352; and non-confidential section of CDCR Form 602 appeal submitted by Porteous on September 9, 2020 and institutional response, Bates Nos. AGO_0353 - AGO_0376.

(Arabyan Decl. Ex. C at 4-5; Ex. D at 2-19.)

**Ruling:** Plaintiff's motion to compel shall be denied. Plaintiff's request is for "any and all" grievances and lawsuits of any type whatever is overbroad and complaints of conduct unrelated to this action are not relevant to the claims or defenses. Plaintiff's request is also vague, ambiguous, and

unduly burdensome as it does not describe with reasonable particularity the items to be produced. This case involves Plaintiff's allegations that in July 2020, Defendant Avila retaliated against him in connection with a CDCR Form 602 inmate grievance that Porteous submitted after a Rules Violation Report Log No. 7018370 was issued by Defendant Avila. Plaintiff further alleges that Defendants Avila and Welch violated his due process rights in connection with this RVR and its associated hearing. However, there are no allegations that Defendants engaged in a pattern of misconduct such that prior grievances would be relevant to Plaintiff's allegations. Furthermore, Plaintiff has other, less burdensome means of discovery, such as interrogatories and requests for admissions, which may enable him to determine whether similar grievances or complaints of retaliation and/or due process violations were made against Defendants Avila and Welch. Accordingly, Plaintiff's motion to compel is denied.

Plaintiff's Request for Sanctions and/or Costs: Plaintiff requests that the Court impose sanctions and award reasonable expenses incurred by Defendants' failure to properly respond to his discovery requests.

Plaintiff's request must be denied. Under Federal Rule of Civil Procedure 37(a), if a motion to compel is granted, a court may require the nonmoving party to pay the movant's "reasonable expenses" incurred in making the motion. However, the court must not order payment when the opposing party's nondisclosure, response or objection was substantially justified, or if other circumstances make the imposition of sanctions unjust. Fed. R. Evid. 37(a)(5)(A)(ii.) Here, Plaintiff cannot obtain sanctions for Defendants' alleged failure to provide discovery responses for which no court order has ever issued. Furthermore, as discussed above, Defendants' discovery responses were substantially justified and they acted in good faith in responding to the discovery requests. See Rodgers v. Martin, No.:12-cv-1686 AWI MJS (PC), 2014 WL 4344499 at *7 (E.D. Cal. Aug. 29, 2014) (court denied plaintiff's request to order defendants to pay costs plaintiff incurred in bringing a motion to compel that was granted in part). Moreover, Plaintiff has not presented a basis to support his claim that he actually incurred expenses in preparing the instant motion to compel. Accordingly, Plaintiff's request for sanctions and/or reasonable expenses is denied.

///

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 17), filed on April 15, 2022, is DENIED.

IT IS SO ORDERED.

Dated: **May 31, 2022**

UNITED STATES MAGISTRATE JUDGE