UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRIAN PORTEOUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. AVILA, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00529-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL RESPONSES TO DISCOVERY<br><br>(ECF No. 19) |

　　　Plaintiff Larry Brian Porteous is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Plaintiff's motion for sanctions and to compel responses to discovery, filed May 24, 2022.

**I.**

**RELEVANT BACKGROUND**

　　　This action proceeds against Defendant R. Avila for retaliation and against Defendants R. Avila and K. Welch for a due process violation.

　　　Defendants filed an answer to the complaint on September 20, 2021.

　　　On October 22, 2021, the Court issued the discovery and scheduling order.

///

///

1

1 On May 24, 2022, Plaintiff filed a motion for sanctions.  Defendants filed an opposition on June 15, 2022.  Although the time for a reply has not expired, the Court deems Plaintiff's motion to compel submitted.  Local Rule 230(l).

## II.

## LEGAL STANDRD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 16.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

///

1     However, this is a civil action to which the Federal Rules of Civil Procedure apply. The
2 discovery process is subject to the overriding limitation of good faith, and callous disregard of
3 discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d
4 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery
5 regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to
6 the needs of the case, considering the importance of the issues at stake in the action, the amount in
7 controversy, the parties' relative access to relevant information, the parties' resources, the importance
8 of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery
9 outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

10     Generally, if the responding party objects to a discovery request, the party moving to compel
11 bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV
12 S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at
13 *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis
14 v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
15 This requires the moving party to inform the Court which discovery requests are the subject of the
16 motion to compel, and, for each disputed response, why the information sought is relevant and why
17 the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack,
18 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.
19 However, the Court is vested with broad discretion to manage discovery and notwithstanding these
20 procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the
21 Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d
22 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.
23 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

26     Plaintiff seeks to compel responses to his requests for production of documents, sets two and
27 three. Plaintiff's motion for sanctions and to compel responses must be denied.

28

Contrary to Plaintiff's contention, pursuant to the discovery and scheduling order, Defendants have forty-five days after the request is first served to file a response. (ECF No. 16 at 1.) Defendants submit that on May 25, 2022, they served timely responses to Plaintiff's requests for production of documents, sets two and three. (Declaration of Arabyan ¶¶ 3-6.) In fact, Plaintiff filed the instant motion before Defendants' responses were even due. On March 23, 2022, Plaintiff served Defendants with his second set of requests for production of documents. (Id. ¶ 3.) On March 30, 2022, Plaintiff served Defendants with his third set of requests for production of documents. (Id. ¶ 3.) On May 2, 2022, the parties telephonically met and conferred about Plaintiff's second and third sets of requests for production of documents and Plaintiff agreed to extend Defendants' discovery response deadline to his requests for production of documents, set two, from May 10, 2022 to May 25, 2022. (Id. ¶ 5.) Plaintiff also agreed to extend Defendants' discovery response deadline for his requests for production of documents, set three, from May 17, 2022 to May 25, 2022. (Id.) Defendants provided Plaintiff with a letter reflecting the conversation and extension of the deadlines. (Id. Ex. C.) Thus, based on the agreement between the parties, Defendants timely served responses to Plaintiff's second and third sets of requests for production of documents on May 25, 2022. (Id. Ex. D.) Accordingly, because Defendants served timely responses to the discovery requests at issue, Plaintiff's motion for sanctions and to compel a response is denied.[1]

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for sanctions and to compel discovery responses, filed on May 24, 2022 (ECF No. 19), is DENIED.

IT IS SO ORDERED.

Dated: **June 16, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is not entitled to sanctions because his motion to compel is denied. Fed. R. Civ. P. 37(a)(5)(A).