1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  LARRY BRIAN PORTEOUS, | Case No. 1:21-cv-00529-SAB (PC) |
| 11      Plaintiff, | ORDER GRANTING IN PART AND |
| | DENYING IN PART PLAINTIFF'S |
| 12      v. | SECOND MOTION TO COMPEL |
| 13  R. AVILA, et al., | (ECF No. 29) |
| 14      Defendants. | |

15

16      Plaintiff Larry Brian Porteous is proceeding pro se and in forma pauperis in this civil

17  rights action filed pursuant to 42 U.S.C. § 1983.

18      Currently before the Court is Plaintiff's second motion to compel, filed July 21, 2022.

19                                    **I.**

20                        **RELEVANT BACKGROUND**

21      This action is proceeding against Defendant R. Avila for retaliation and against

22  Defendants R. Avila and K. Welch for a due process violation.

23      Defendants filed an answer to the complaint on September 20, 2021.

24      On October 22, 2021, the Court issued the discovery and scheduling order.  (ECF No.

25  16.)

26      On April 15, 2022, Plaintiff filed a motion to compel.  (ECF No. 17.)  Defendants filed an

27  opposition on May 4, 2022, and Plaintiff did not file a reply.  Local Rule 230(l).

28      On May 31, 2022, the Court denied Plaintiff's motion to compel.  (ECF No. 22.)

1  On June 24, 2022, Plaintiff filed a second motion to compel.  (ECF No. 29.)  Defendants

2  filed an opposition on July 21, 2022, and Plaintiff filed a reply on August 8, 2022.  (ECF Nos.

3  32, 35.)

4  **II.**

5  **LEGAL STANDARD**

6  Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

7  confinement.  As a result, the parties were relieved of some of the requirements which would

8  otherwise apply, including initial disclosure and the need to meet and confer in good faith prior

9  to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c);

10  Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 16.   Further, where otherwise

11  discoverable information would pose a threat to the safety and security of the prison or infringe

12  upon a protected privacy interest, a need may arise for the Court to balance interests in

13  determining whether disclosure should occur.  <u>See</u> Fed. R. Civ. P. 26(c); <u>Seattle Times Co. v.</u>

14  <u>Rhinehart</u>, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and

15  language of Rule 26(c)); <u>Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the</u>

16  <u>Dist. of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); <u>Soto v.</u>

17  <u>City of Concord</u>, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based

18  right of privacy that can be raised in discovery); <u>see also</u> <u>Garcia v. Clark</u>, No. 1:10-CV-00447-

19  LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's

20  entitlement to inspect discoverable information may be accommodated in ways which mitigate

21  institutional safety concerns); <u>Robinson v. Adams</u>, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL

22  912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents

23  containing information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>,

24  No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests

25  for protective order and for redaction of information asserted to risk jeopardizing safety and

26  security of inmates or the institution if released); <u>Womack v. Virga</u>, No. CIV S-11-1030 MCE

27  EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit

28  withheld documents for in camera review or move for a protective order).

1   However, this is a civil action to which the Federal Rules of Civil Procedure apply. The

2   discovery process is subject to the overriding limitation of good faith, and callous disregard of

3   discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669

4   F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain

5   discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

6   proportional to the needs of the case, considering the importance of the issues at stake in the

7   action, the amount in controversy, the parties' relative access to relevant information, the parties'

8   resources, the importance of the discovery in resolving the issues, and whether the burden or

9   expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

10   Generally, if the responding party objects to a discovery request, the party moving to

11   compel bears the burden of demonstrating why the objections are not justified. Grabek v.

12   Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

13   Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,

14   at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL

15   860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court

16   which discovery requests are the subject of the motion to compel, and, for each disputed

17   response, why the information sought is relevant and why the responding party's objections are

18   not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,

19   2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with

20   broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled

21   to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve

22   his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d

23   606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th

24   Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

25   ///

26   ///

27   ///

28   ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### DISCUSSION

Plaintiff seeks to compel further responses to his request for production of documents, set two, numbers 3 and 9, and request for production of documents, set three, numbers 1 through 5. (ECF No. 29.)

Defendants oppose Plaintiff's motion and argue that they appropriately objected and produced all discovery information relevant and proportional to the needs of the case.

### A.    Request for Production of Documents

Federal Rule of Civil Procedure 34 authorizes a party to serve on any other party with a request to produce documents, electronically stored information, or other tangible evidence, that is relevant within the definition set forth in Rule 26(b). See Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.... An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B), (C).

"[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07-cv-01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).  A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence. Uribe v. McKesson, No. 08-cv-01285 DMS (NLS), 2010

1   WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).   If responsive documents do exist but the

2   responsive party claims lack of possession, control, or custody, the party must so state with

3   sufficient specificity to allow the court (1) to conclude that the responses were made after a case-

4   specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No.

5   1:05-cv-001524-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

6          1.      Request for Production, Set Two, Number 3

7          **Request No. 3:** "All documents, physical, and/or photographic evidence depicting the

8   alleged Inmate Manufactured Tool confiscated during the search of Plaintiff's living quarters on

9   July 16, 2020 and referenced in RVR Log No. 7018370."   (Declaration of Lilit Arabyan

10  (Arabyan Decl.) Ex. A at 10, ECF No. 32-1.)

11         **Response:** "Objection.  Defendants object to this request on the basis that it is vague and

12  overbroad as to the phrase "[a]ll documents, physical, and/or photographic evidence depicting

13  the alleged inmate manufactured tool" because it encompasses a large range of documents and is

14  not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).  Such omnibus requests are

15  improper under Rule 34.  "[A] discovery request is overly broad and unduly burdensome on its

16  face if it uses an omnibus term such as a 'relating to,' 'pertaining to,' or 'concerning' to modify a

17  general category or broad range of documents or information."  Dauska v. Green Bay Packaging,

18  Inc., 291 F.R.D. 251, 261 (E.D. Wis. 2013).  The facial overbreadth of Porteous's request

19  renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.

20  Defendants further object to this request on the basis that Porteous is not allowed to possess or

21  view the confiscated item because it is considered contraband.  California Code of Regulations,

22  Title 15, sections 3000, 3006."

23         "Without waiving the foregoing objections, Defendants respond as follows:

24         Defendants produce the following documents:

25         RVR Log No. 7018370; and two photographs of the inmate manufactured tool

26  confiscated during a cell search of Plaintiff's assigned cell on July 16, 2020."

27  (Arabyan Decl. Ex. D at 2-3.)

28         **Ruling:** Plaintiff's motion to compel shall be denied.  In his motion to compel, Plaintiff

1    claims that the photographs initially provided by Defendants appeared to be significantly reduced
2    in resolution by their printing in black and white.  (ECF No. 29 at 4, 14-15.)  In response to
3    Plaintiff's instant motion, Defendants provided Plaintiff PDF documents, in color and proper
4    resolution.  (Arabyan Decl. Ex. G.)  Thus, any discrepancy in the photographs have been
5    remedied by Defendants, and there is no basis to order a further response.

6            2.      Request for Production, Set Two, Number 9

7    **Request No. 9:** "All non-confidential documents relating to all civil lawsuits either
8    pending resolution or settled, in which the Defendant R. Avila is named as a Defendant, from
9    January 1, 2012 until the present."  (Arabyan Decl. Ex. A at 11.)

10   **Response:** "Objection.  Defendants object to this request on the grounds that it seeks
11   irrelevant documents and is not proportional to the needs of this case.   In this case, Porteous
12   alleges that in July 2020, Defendant Avila retaliated against him in connection with a CDCR
13   Form 602 inmate grievance that Porteous submitted after a Rules Violation Report Log No.
14   7018370 was issued by Defendant Avila.  Porteous further alleges that Defendants Avila and
15   Welch violated his due process rights in connection with this RVR and its associated hearing.
16   But this request seeks documents irrelevant to Porteous's claims of retaliation and denial of due
17   process rights, as it seeks "all civil law suits" without regard to subject matter and for a ten-year
18   time period.  Despite the narrow scope of the claims in this case, Porteous seeks an overbroad
19   type and number of documents: "[a]ll non-confidential documents relating to all civil lawsuits
20   either pending resolution or settled, in which the Defendant R. Avila is named as a Defendant,
21   from January 1, 2012 until the present."  Such omnibus requests are improper under Rule 24.
22   "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus
23   term such a 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad
24   range of documents or information."  Dauska v. Green Bay Packaging, Inc., 291 F.R.D. 251, 261
25   (E.D. Wis. 2013).  The facial overbreadth of Porteous's request renders it outside the scope of
26   permissible discovery under Rule 26(b)(1), and thus improper."

27   (Arabyan Decl. Ex. D at 5-6.)

28           **Ruling:** Plaintiff's motion to compel shall be granted in part.  Plaintiff contends that

6

1   Defendant Avila has had a large amount of civil lawsuits filed against her and such evidence will

2   reveal a pattern of habit or conduct which falls under Federal Rules of Evidence 401, 404(b)(2)

3   and 406.   Although Plaintiff's present request is overbroad, the documents requested are not

4   plainly irrelevant. Potential evidence that Defendant Avila has been sued by other parties for acts

5   related, or similar, to the causes of action alleged in the  first amended are relevant to Plaintiff's

6   claims.   In addition, the Court does not agree with Defendant's argument that such documents

7   are public record. Defendant Avila and/or her attorney have knowledge of such cases and access

8   to records of CDCR and/or the Attorney General's Office which will facilitate easier access to

9   such information than a search of the records of the courts of various jurisdiction in California.

10  However, the request is overbroad to the extent it seeks documents related to civil lawsuits that

11  are not related, or similar, to the causes of action alleged in the first amended complaint. Hence,

12  the Court finds Defendant's response may be limited to documents related to civil lawsuits filed

13  in the last ten years against Defendant Avila in connection with her work for acts related, or

14  similar, to the causes of action alleged in the first amended complaint.   Accordingly, Defendant's

15  objections to request for production, set two, number 9, are overruled.   Plaintiff's motion to

16  compel a further response to request for production, set two, number 9 is granted and Defendant

17  will be ordered to file a supplemental response and produce all responsive documents.

18           3.      Request for Production, Set Three, Numbers 1 Through 5

19           **Request No. 1:** "The alleged Inmate Manufactured Tool, that was claimed to have

20  been confiscated by R. Avila – Defendant, during the search of the bunk area of the Plaintiff on

21  July 16, 2020, as reported in RVR Log No. 7018370."  (Arabyan Decl. Ex. B at 1.)

22           **Response:** "Objection.  Defendants object to this request on the basis that Porteous is not

23  allowed to possess or view the confiscated item because it is considered contraband.  California

24  Code of Regulations, Title 15, sections 3000, 3006.  Without waiving the foregoing objections,

25  Defendants respond as follows:

26           Defendants produce the following documents:

27           Two photographs of the inmate manufactured tool confiscated during a cell search of

28  Plaintiff's assigned cell on July 16, 2020."

1 | (Arabyan Decl. Ex. E at 2.)

2 | **Request No. 2:** "The six (6) unauthorized SanDisck SD-Cards that were claimed to have

3 | been confiscated by R. AVILA – Defendant, during the search of the bunk area of the Plaintiff

4 | on July 16, 2020, as reported in RVR log# 7018370."

5 | (Arabyan Decl. Ex. E at 2.)

6 | **Response:** "Objection.  Defendants object to this request on the basis that Porteous is not

7 | allowed to possess or view the contraband item because it is considered contraband.  California

8 | Code of Regulations, Title 15, sections 3000, 3006.  Further, this request seeks production of

9 | illicit materials to an inmate, which is improper.

10 | Without waiving the foregoing objection, Defendants respond as follows:

11 | Defendants produce the following documents:

12 | Photographs generated in connection with RVR Log No. 7018370."

13 | (Arabyan Decl. Ex. E at 2.)

14 | **Request No. 3:** "The particular SD-Card the Defendant claimed to have found

15 | 'temporary folders' on, as reported in RVR log# 7018370, stemming from the search the

16 | Defendant conducted of the Plaintiff's bunk area on July 16, 2020."

17 | **Response:** "Objection.  Defendants object to this request on the basis that Porteous is not

18 | allowed to possess or view the confiscated item because it is considered contraband.  California

19 | Code of Regulations, Title 15, sections 3000, 3006.  Further, this request seeks production of

20 | illicit materials to an inmate, which is improper.

21 | Without waiving the foregoing objections, Defendants respond as follows:

22 | Defendants produce the following documents:

23 | Photographs generated in connection with RVR Log No. 7018370."

24 | (Arabyan Decl. Ex. E at 3.)

25 | **Request No. 4:** "The DVD labeled 'Mr. Pete Fuck My Face' that was claimed to

26 | have been confiscated by R. Avila.  Defendant, during the search of the bunk area of the Plaintiff

27 | on July 16, 2020, as reported in RVR Log No. 7018370."

28 | (Arabyan Decl. Ex B. at 2.)

1      **Response:** "Objection.  Defendants object to this request on the basis that Porteous is not

2 allowed to possess or view the confiscated items because it is considered contraband.  California

3 Code of Regulations, Title 15, sections 3000, 3006.  Further, this request seeks production of

4 illicit materials to an inmate, which is improper.

5      Without waiving the foregoing objection, Defendants respond as follows:

6      Defendants produce the following documents:

7      Photographs generated in connection with RVR Log No. 7018370."

8 (Arabyan Decl. Ex. B at 3.)

9      **Request No. 5:** "The nineteen (19) Compact Disks that were claimed to have been

10 confiscated by R. Avila – Defendant, during the search of the bunk area of the plaintiff on July

11 16, 2020 as reported in RVR Log No. 7018370."

12 (Arabyan Decl. Ex. B at 3.)

13      **Response:** "Objection.  Defendants object to this request on the basis that Porteous is not

14 allowed to possess or view the confiscated items because it is considered contraband.  California

15 Code of Regulations, Title 15, sections 3000, 3006.  Further, this request seeks production of

16 illicit materials to an inmate, which is improper.

17      Without waiving the foregoing objection, Defendants respond as follows:

18      Defendants produce the following documents:

19      Photographs generated in connection with RVR Log No. 7018370."

20 (Arabyan Decl. Ex. E at 3-4.)

21      **Ruling:** Plaintiff's motion to compel further responses to the requests for production of

22 documents, set three, numbers 1 through 5 shall be denied.  Plaintiff's cell was searched on July

23 16, 2020, by Defendant Avila and several items were confiscated, including nineteen excess

24 compact disks (CDs), one altered Hiteker tablet, four back screw from behind the tablet, six

25 unauthorized SanDisk (SD) cards, and one metal inmate manufactured tool approximately four

26 inches in length in a form of a wrench.  (Arabyan Decl. Ex. H.)  Plaintiff was issued a RVR and

27 found guilty of "possession of a cellular telephone component."  It was specifically noted that

28 "an inmate may not be in possession of '[a]ny cellular telephone or wireless communication

device accessory and/or component including but not limited to, a subscriber identity module (SIM card), memory storage device, cellular phone battery, wired or wireless headset, and cellular phone charger." (Id. at 1.)  Although Plaintiff seeks to inspect these items, Defendants have provided an alternative response by producing photographs of the confiscated items which served as evidence for the decision in RVR Log No. 7018370.  (Arabyan Decl. Exs. F-H.)  In any event, providing the photographs of the items to Plaintiff rather than inspection does not affect or prejudice the analysis on Plaintiff's claims in this case.  Accordingly, Plaintiff's motion to compel further responses to request for production of documents, set three, numbers 1 through 5 is denied.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion compel is granted as to request for production of documents, set two, number 9;

2. Defendant Avila shall serve a supplemental response and produce all responsive documents to request for production, set two, number 9, as limited, above, **within fourteen (14) days of the date of this order**; and

3. Plaintiff's second motion to compel is denied in all respects.

IT IS SO ORDERED.

Dated:   **September 7, 2022**

_____
UNITED STATES MAGISTRATE JUDGE